BRILLÓN, DEMANDANTE Y APELANTE, *v.* FIGUEROA, DEMANDADO Y APELADO.

No. 3253.—*Visto:* Abril 25, 1924. *Resuelto:* Mayo 2, 1924.

DAÑOS Y PERJUICIOS POR NEGLIGENCIA—PRUEBA.—En este caso de daños y perjuicios por negligencia se declaró sin lugar la demanda bajo la teoría de que el demandado no fué identificado suficientemente como el *chauffeur* del automóvil que causó los daños. *Se revocó* la sentencia porque la prueba que se estudia en la opinión, así como la defensa afirmativa de la contestación, contradicen tal teoría de la sentencia apelada.

SENTENCIA de *Charles E. Foote,* J. (San Juan, Primer Distrito), declarando sin lugar la demanda con las costas. *Revocada.*

*L. Freire Barbosa,* abogado del apelante; *C. Iriarte, Jr.,* y *J. Cervera Travieso,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante estableció demanda por los daños y perjuicios que alegó le fueron causados por el demandado con motivo de su negligencia en el manejo de un automóvil.

El demandado no compareció al juicio y la corte de dis-

trito, después de oir la prueba aducida por el demandante, declaró sin lugar la demanda.

La única cuestión envuelta en la presente apelación parece ser de hecho.

El juez sentenciador no emitió opinión ni formuló conclusiones, y la sentencia sólo puede explicarse por virtud de la teoría sugerida sin ningún argumento en apoyo de la misma por el abogado del apelado, a saber, que el demandado Florencio Figueroa no fué suficientemente identificado como el chauffeur del automóvil que produjo los daños sufridos por el demandante.

Que una impresión tal como ésta se produjo en la mente del juez sentenciador, lo indica el propósito de ciertas preguntas que fueron dirigidas al único testigo ocular que pretendió identificar al demandado como tal chauffeur. Este testigo, al empezar su declaración, había dicho que conocía (usando el tiempo presente) tanto al demandante como al demandado; que los vió el día del accidente en el sitio donde éste ocurrió; que "Brillón se apeó de una guagua y venía el señor con un carro a mucha velocidad." Después este testigo, al parecer refiriéndose al demandado, dijo que "el carro de ese señor, que lo venía guiando Fulgencio," cogió al demandante.

La conversación que tuvo lugar al terminar esta declaración, es como sigue:

"¿Qué carro chocó con Brillón? Era un Buick chiquito de dos asientos.

"¿Usted conoce el carro? La marca.

"¿Conocía usted al chauffeur? El chauffeur lo conocía de vista.

"¿Sabe cómo se llama? El señor Figueroa.

"¿Pero no sabe el nombre de él? Fulgencio, un nombre así.

"¿No sabe el nombre de él, sabe el apellido nada más? ¿Cómo dice usted que es Fulgencio? Porque en el caso de la investigación fué que supe como se llamaba.

"¿Entonces es cuando usted lo conoció a él? Sí señor, cuando pasó el caso lo conocí.

"¿Lo conocía usted antes? No señor."

Debe admitirse que las referencias anteriores al demandado como chauffeur del automóvil que cogió al demandante parecen haber sido consecuencia de un accidente más que de un propósito definido o deliberado, y dejan mucho que desear como cuestión de certeza real y concluyente. Pero en ausencia absoluta de cualquier contradicción, inconsistencia intrínseca o verdadera discrepancia, tales referencias no pueden ser estimadas como inadecuadas para contrarrestar y rebatir la negativa general de los "hechos asenciales" de la demanda, contenida en la contestación sin jurar formulada por el demandado.

Además, una defensa afirmativa propuesta en esta contestación, que parece haber sido pasada por alto por el juez sentenciador, admite sustancialmente no sólo el accidente sino también el hecho de que el demandado iba guiando su mismo automóvil en aquel entonces. La alegación, en tanto es pertinente a este particular, es en sus términos como sigue:

"Que el día 14 de junio de 1921, como a las once y media de la mañana, el demandado se dirigía a San Juan en su automóvil y al pasar por la parada 25 de los Trolleys de la Puerto Rico Railway, Light & Power Co. en momentos en que cruzaba con su automóvil a una velocidad menor de 16 kilómetros por hora, se apeó de una guagua del servicio público que estaba en movimiento, el demandante Epifanio Brillón y sin tomar las precauciones necesarias para garantizar su vida, trató de cruzar la carretera en el mismo momento en que el demandado pasaba por el lado de la guagua de la cual él se había apeado, y sin tiempo ni forma para evitarlo tropezó con el demandante derribándolo al suelo.

"Que inmediatamente después del accidente, el demandado recogió al demandante en su automóvil y lo condujo al Hospital Municipal de Santurce, encargando al Dr. Víctor Gutiérrez Ortiz de la asistencia y cuidado del demandante.

"Que el demandante no sufrió daño alguno de gravedad en el accidente mencionado, pues solamente tuvo una ligera conmoción, que le desapareció totalmente unas horas después y de la cual quedó completamente curado al día siguiente de su ingreso en el Hospital Municipal.

"Finalmente alega el demandado, que la causa inmediata deter-minante del accidente que sufrió el demandante, fué su falta de cuidado al tratar de cruzar una carretera pública de mucho trán-sito sin tomar las precauciones necesarias para evitar daños a su persona."

El demandado que no presentó ninguna prueba testifical para sostener la defensa arriba indicada, ni siquiera com-pareció a juicio, no tenía ninguna licencia al ocurrir el acci-dente, y no existe serio conflicto en la prueba, la cual, en conjunto, prácticamente no da lugar a duda en cuanto a la completa negligencia del chauffeur del automóvil que causó los daños de los cuales se queja el apelante.

*Debe revocarse la sentencia apelada.*